*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

---

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | : Index No. |
| | : |
| Plaintiff, | : **COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, AND DAMAGES** |
| vs. | : |
| AXIS INSURANCE COMPANY, STARR INDEMNITY AND LIABILITY COMPANY, and NAVIGATORS INSURANCE COMPANY, | : |
| | : |
| Defendant. | |

---

## COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT AND DAMAGES

Plaintiff, Liberty Mutual Fire Insurance Company ("LMFIC"), by and through its undersigned counsel, as and for its Complaint against defendants, Axis Insurance Company ("Axis"), Starr Indemnity and Liability Company ("Starr"), and Navigators Insurance Company "Navigators", alleges upon information and belief as follows:

### NATURE OF ACTION

1. LMFIC is providing a defense and indemnification to Northstar Contracting Group, Inc. ("Northstar") and Vornado Realty Trust and 401 Hotel Reit, LLC (Northstar Contracting Group, Inc., Vornado Realty Trust and 401 Hotel Reit, LLC are collectively referred to as "Additional Insureds") in the

- 1 -

underlying civil action entitled *Oriente Arias v. Vornado Realty Trust, 401 Hotel Reit, LLC and Northstar Contracting Group, Inc.*, Supreme Court of the State of New York, County of New York, Index No. 154176/2023 (the "Underlying Action") under a primary policy issued by LMFIC to Northstar ("LMFIC Policy").

2. LMFIC seeks a declaration that defendant Axis is obligated to defend and indemnify the Additional Insureds on a primary and non-contributory basis for all claims asserted against them in the Underlying Action as Additional Insureds under Axis primary policy no. P-001-000000721-07 issued to Tri State Dismantling Corporation ("Tri State") for the period January 22, 2023 to January 22, 2024 ("Axis Primary Policy") and that in the event of exhaustion of the Axis Primary Policy, Starr is obligated to provide primary, non-contributory defense and indemnity to the Additional Insureds under excess policy no. 1000585545231 issued to Tri State for the period January 22, 2023 to January 22, 2024 ("Starr Excess Policy") and in the event of exhaustion of the Starr Excess Policy, Navigators is obligated to provide primary, non-contributory defense and indemnity to the Additional Insureds under excess policy no. RK23EXC886180IV issued to Tri State for the period January

22, 2023 to January 22, 2024 ("Navigators Excess Policy") as required by the Trade Contract between Northstar and Tri State, and that LMFIC is entitled to a judgment for all defense and indemnity costs incurred on behalf of the Additional Insureds for all liabilities they may have in the Underlying Action.

## PARTIES

1. LMFIC is a company organized under the laws of the State of Wisconsin with a principal place of business in Boston, Massachusetts and has issued policies of insurance in the State of New York.

2. Upon information and belief, Axis is organized in accordance with the laws of the State of Illinois and maintains a principal place of business in the State of Illinois and has issued policies of insurance in the State of New York.

3. Upon information and belief, Starr is organized in accordance with the laws of the State of Texas and maintains a principal place of business in the State of New York and has issued policies of insurance in the State of New York.

4. Upon information and belief, Navigators is organized in accordance with the laws of the State of New York and maintains a principal place of business in the State of

Connecticut York and has issued policies of insurance in the State of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §2201.

6. In the Underlying Action, Oriente Arias ("Mr. Arias) seeks to recover damages for injuries sustained in a construction-related accident on a project at premises located at 401 Seventh Avenue, New York, New York ("Project"), the purported value of which exceeds $75,000.

7. An actual justiciable controversy exists between the parties as to coverage afforded under the insurance policies issued by Axis.

8. LMFIC has no remedy at law.

## BACKGROUND FACTS

9. In the Underlying Action, Mr. Arias alleges that on February 4, 2023, while working on the Project which is the subject of the Trade Contract in his capacity as an employee of Tri State. Mr. Arias has sued the Additional Insureds in the Underlying Action.

10.    On June 12, 2023, LMFIC formally tendered to Axis, Starr and Navigators the defense and indemnity of the Additional Insureds under the policies issued by them to Tri State.    To date, Axis, Starr and Navigators have failed or refused to respond to the tender and acknowledge their obligation to provide primary and non-contributory additional insured coverage to the Additional Insureds for the claims against it in the Underlying Action.

11.    All conditions for additional insured coverage under the Axis Primary Policy have been satisfied or waived.

## NORTHSTAR-TRI STATE TRADE CONTRACT

12.    On or about October 27, 2021, Northstar and Tri State entered into a Trade Contract for work on the Project.    The Trade Contract includes, among other provisions, the following with respect to indemnification and required additional insured coverages:

To the fullest extent permitted by law Subcontractor shall hold harmless indemnify and defend Owner, Contractor, their directors, officers, employees and agents, from and against any and all claims, damages, liabilities, losses .and -expenses, including reasonable attorneys' fees, attributable to bodily injury, sickness, disease or death of any person, whomsoever, including Contractor's and Subcontractor's employees, or property damage to any persons or organizations, whatsoever, arising out of or occasioned by, or in any way connected with, the performance of the Work called for by this Subcontract/Purchase Order, regardless of

whether or not such claim is based, in whole or in part, upon Contractor's alleged active or passive negligence or participation in the alleged wrong doing, strict liability, New York Labor Law Section 240 and 241, or upon any alleged breach of any statutory duty or obligation on the part of the Contractor or Owner.

13.    Tri State expressly agreed to provide primary, non-contributory additional insured coverage to Northstar as follows:

Subcontractor shall maintain insurance coverage, including contractual liability, in amounts specified by Contractor, and shall furnish certificate(s) of insurance (in a form acceptable to Contractor) to Contractor before work is begun. Such certificate(s) shall provide that insurance policy(s) may not be changed or cancelled until thirty (30) days after written notice thereof is received by Contractor. Policy(s) renewals shall be provided no later than 30 days prior to the expiration of existing insurance coverage, This Agreement shall not become effective and no work by Subcontractor shall begin until a Certificate of Insurance in accordance with the provisions of this Section 3 is delivered to Contractor by Subcontractor. Provide additional insured coverage and Completed Operations Insurance which shall remain in full force and effect from the date of final completion and acceptance -of the project for a period of no less than two years.

*** 

Contractor shall be specifically named as an additional insured on Comprehensive General Liability and Automobile Liability insurance policies of Subcontractor on a primary and non-contributing basis in an additional insured endorsement CG2010 or equivalent and a certificate holder on an insurance coverage required to he maintained by Subcontractor in accordance with this

Agreement and the following language shall be included on all insurance certificates:

*RE*: Penn Hotel- 401 Seventh Avenue (aka 15 Penn), New York, NY NorthStar Contract Group, Inc., The Turner Corporation, Turner Construction Company, Owner, Two Penn Plaza REIT, Inc., Vornado RTR, LLC., 401 Hotel REIT, LLC., 401 Hotel TRS, Inc., Vornado Office Management LLC, its managing agent, any ground lessor; Vornado Realty Trust, Vornado Realty LP and their partially controlled subsidiaries, divisions, affiliates, and/or joint ventures; and their owners, each lessor, each mortgagee and their respective partners, members, affiliates, subsidiaries, trustees, officers, employees and their successors and assigns as their interest may appear (ATIMA) and such other parties as may he required by Contractor, Turner or Owner(s) are included as Additional Insured on a Primary and Non-Contributory basis as respects General Liability, Automobile Liability, and Umbrella Liability as required by written contract. Waiver of Subrogation is included and applies in favor of the Additional Insured as required by written contract.

* * *

Unless otherwise stipulated in the Contract Documents or in this Subcontract/Purchase Order minimum insurance coverages and their limits shall be as follows:

(l) Workers' Compensation - Statutory as to New York State: (2) Employer's Liability, $1,000,000; (3) Comprehensive General Liability - $5,000,000 per occurrence and $10,000,000 in the aggregate (not subject to XCU exclusion and coverage including property in the care, custody or control of the Subcontractor); (4) Automobile Liability with combined single limits of $2,000,000, including coverage for any and all owned, non-owned and hired vehicles used by or at the discretion of Subcontractor in connection with the performance of Subcontractor's work - Waste haulers are to provide Automobile Liability of $5,000,000 combined single limits when hauling hazardous material with a pollution liability coverage endorsement to the policy and

- 7 -

$2,000,000 combined single limits when hauling non-hazardous material. The limits of liability can be provided by a combination of primary coverage and an excess umbrella policy, which is written on a no less than follow form basis; (5) Pollution Liability with $5,000,000 per occurrence.

## THE AXIS PRIMARY POLICY

14.    Axis issued primary policy no. P-001-000000721-07 issued to Tri State Dismantling Corporation ("Tri State") for the period January 22, 2023 to January 22, 2024. The Axis Primary Policy has stated limits of $2 million per occurrence/$4 million aggregate and includes, among others, the following provisions:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

NEW YORK CHANGES -
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Paragraph **1.a.** of Section I - **Coverage A - Bodily Injury And Property Damage Liability** is replaced by the following:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking

damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A or B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**B.** Paragraph **1.a.** of Section I - **Coverage B - Personal And Advertising Injury Liability** is replaced by the following:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** and **B** or medical expenses under Coverage **C**.

- 9 -

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

**C.** The following is added as Paragraph **e.** to the **Duties In The Event Of Occurrence, Offense, Claim Or Suit** Condition (Paragraph **2. of Section IV - Commercial General Liability Conditions):**

**e.** Notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any agent of ours in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to us.

**D.** Paragraph **3.** of **Section IV - Commercial General Liability Conditions** is replaced by the following:

**(1)    Legal Action Against Us**

**a.** Except as provided in Paragraph **b.,** no person or organization has a right under this Coverage Part:

(1) To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
(2) To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance.  An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**b.** With respect to "bodily injury" and "personal and advertising injury" claims, if we deny coverage or do not admit liability because an insured or the injured person, someone acting for the injured person or other claimant fails to give us written notice as soon

as practicable, then the injured person, someone acting for the injured person or other claimant may bring an action against us, provided the sole question is whether the denial of coverage or nonadmission of liability is based on the failure to provide timely notice.

However, the injured person, someone acting for the injured person or other claimant may not bring an action if within 60 days after we deny coverage or do not admit liability, we or an insured:

(1)  Brings an action to declare the rights of the parties under the Policy; and

(2) Names the injured person, someone acting for the injured person or other claimant as a party to the action.

**E.** The following provision is added and supersedes any provision to the contrary:

Failure to give notice to us as required under this Coverage Part shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide such timely notice has prejudiced us. However, no claim made by the insured, injured person or other claimant will be invalidated if it shall be shown not to have been reasonably possible to give such timely notice and that notice was given as soon as was reasonably possible thereafter.

**F.** The definition of "loading or unloading" in the **Definitions** Section does not apply.

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

- 11 -

| Name Of Additional Insured Person(s) Or Or1lanization{s) | Location{s) Of Covered Operations |
|---|---|
| Any person or organization where the Named Insured has agreed in a written contract or agreement to name as an additional insured provided that the contract or agreement was executed prior to the loss or occurrence. | All Locations at which the Named Insured is performing on-going operations. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

**A. Section** II - **Who Is An Insured is** amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**(1)** Your acts or omissions; or
**(2)** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

(1) The insurance afforded to such additional insured only applies to the extent permitted by law; and
(2) If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

- 12 -

This insurance does not apply to "bodily injury" or "property damage" occurring after:

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section Ill - Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement; or
**2.** Available under the applicable limits of **insurance;**

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

PRIMARY AND NONCONTRIBUTORY -<br>OTHER INSURANCE CONDITION

This endorsement modifies insurance provided under the following:

COMMERCIAL  GENERAL  LIABILITY  COVERAGE  PART  LIQUOR
LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following is added to the **Other Insurance** Condition
and supersedes  any provision  to the contrary:

**Primary And Noncontributory Insurance**

This  insurance  is  primary  to  and  will  not  seek
contribution from any other insurance available to an
additional insured under your policy provided that:

(1) The additional insured is a Named Insured under such
other insurance; and


(2) You have agreed in writing in a contract or agreement
that this insurance would be primary and would not seek
contribution from any other insurance available to the
additional insured.

**THE STARR EXCESS POLICY**

15.    Starr issued excess policy no. 1000585545231 to Tri State

for the period January 22, 2023 to January 22, 2024. The Starr

Excess Policy has stated limits of $3 million occurrence/$3

million aggregate excess of the Axis Primary Policy limits.

16.    The  Starr  Excess  Policy  includes,  among  others,  the

following provisions:

EXCESS LIABILITY POLICY FORM

The word Insured means the Named Insured and any person
or organization qualifying as an Insured in the First
Underlying Insurance Policy(ies), but only to the extent
to which such person(s)  or organization(s) qualify as
an Insured in the First Underlying Insurance Policy(ies)

- 14 -

at the inception date of this Policy. Newly acquired or formed organizations must comply with **SECTION IV. CONDITIONS, D. Changes** in order to qualify for coverage.

\*\*\*

**SECTION I. COVERAGE**

A.We will pay on behalf of the Insured. the "Ultimate Net Loss" in excess of the "Underlying Insurance" as shown in **ITEM 5.** of the Declarations. that the Insured becomes legally obligated to pay for loss or damage to which this insurance applies and that takes place in the Coverage Territory. Except for the terms, definitions, conditions and exclusions of this Policy, the coverage provided by this Policy shall follow the terms, definitions, conditions and exclusions of the applicable First Underlying Insurance Policy(ies) shown in **ITEM 5.A.** of the Declarations.

B.Regardless of any other warranties, terms, conditions, exclusions or limitations of this Policy, if any applicable Underlying Insurance Policy(ies) does not cover "Ultimate Net Loss" for reasons other than exhaustion of its limit of liability by payment of claims or suits, then this Policy will not cover such "Ultimate Net Loss".

\*\*\*

**SECTION III. DEFINITIONS**

**A.** "Ultimate Net Loss"

"Ultimate Net Loss" means the total sum, after reduction for all recoveries including other valid and collectible insurance, excepting only the "Underlying Insurance" scheduled under **ITEM 5.** of the Declarations, actually paid or payable due to a claim or suit for which you or an Insured are liable either by a settlement to which we agreed or a final judgment.

The term "Ultimate Net Loss" shall also include defense costs when such defense costs are included within the limits of insurance of any applicable "Underlying Insurance".

\* \* \*

I.   Other Insurance

If other insurance applies to "Ultimate Net Loss" that is also covered by this Policy, this Policy will apply excess of, and will not contribute to, the other insurance. Nothing herein will be construed to make this Policy subject to the terms, conditions and limitations of such other insurance. However, other insurance does not include:

1. "Underlying Insurance";

2. Insurance that is specifically written as excess over this Policy; or

3. Insurance held by a person(s) or organization(s) qualifying as an additional insured in "Underlying Insurance", but only when the written contract or agreement between you and the additional insured requires a specific limit of insurance that is in excess of the Underlying Limits of Insurance. However, the Limits of Insurance afforded the additional insured in this paragraph shall be the lesser of the following:

> a. The minimum limits of insurance required in the contract or agreement between you and the additional insured; or
> b. The Limits of Insurance shown in the Declarations of this Policy.

Other insurance includes any type of self-insurance or other mechanism by which an Insured arranges for the funding of legal liabilities.

- 16 -

<u>**THE NAVIGATORS EXCESS POLICY**</u>

17.    Navigators issued excess policy no. RK23EXC886180LV to

Tri State for the period January 22, 2023 to January 22, 2024.

The Navigators Excess Policy has stated limits of $7 million

occurrence/$7 million aggregate excess of the Starr Excess

Policy limits.

18.    The Navigators Excess Policy includes, among others, the

following provisions:

Commercial Excess Liability Coverage Part

The word "insured" means any other person or
organization qualifying as such under SECTION II -WHO IS
AN INSURED.

SECTION I - COVERAGE

1. Insuring Agreement
A. Excess Liability
1. We will pay on behalf of the insured and in excess of
   "underlying limits" those sums the insured becomes
   legally obligated to pay as damages for "loss" to
   which this insurance applies. This insurance applies
   only if:

a. the "loss" is caused by an "event" that takes place in
the coverage territory;

b. the "loss" occurs during the "policy period;" and
c. the "controlling underlying insurance" applies to the
"loss."

2. If an aggregate limit of "controlling underlying
   insurance" is exhausted by the payment of judgments
   or settlements to which this insurance applies, or
   would have applied but for the amount of the damages,
   this insurance will apply in place of the "controlling
   underlying insurance" until we have paid our
   applicable Limits of Insurance.

- 17 -

3. When paragraph 2. above applies, ending the "controlling underlying insurance" obligations to investigate and settle claims or defend suits against the insured, we have the right and duty to investigate claims and defend suits which seek damages to which this insurance applies. Our right and duty to defend end when we have paid our applicable Limits of Insurance.

\*\*\*

SECTION II - WHO IS AN INSURED

The WHO IS AN INSURED section of the "controlling underlying insurance" is made part of this policy. Any person or organization that is an insured in "controlling underlying insurance" is an insured in this policy to the same extent.

\*\*\*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

AMENDMENT OF CONDITIONS
OTHER INSURANCE
PRIMARY AND NON-CONTRIBUTING

This endorsement modifies insurance provided under the following:

COMMERCIAL EXCESS LIABILITY COVERAGE PART
SCHEDULE

When required by written contract executed before the "loss."

A. Section IV - Conditions, 9. Other Insurance is deleted and replaced by the following:

9. This insurance is excess over any other insurance available to the insured except

a. insurance that is purchased specifically to apply in excess of this policy; or

b. insurance available to the person or organization shown in the Schedule of this endorsement as an additional insured on the "controlling underlying insurance."

B. When this insurance applies on a primary and non-contributing basis, the Limits of Insurance available for the additional insured will be the lesser of:

1. the amounts shown in item 3 of the Declarations of this policy; or

2. the amount of insurance you are required to provide the additional insured in the written contract or agreement.

All other terms of the policy remain unchanged.


**AXIS, STAR AND NAVIGATORS ARE OBLIGATED TO PROVIDE PRIMARY, NONCONTRIBUTORY ADDITIONAL INSURED COVERAGE TO THE ADDITIONAL INSUREDS UNDER THE RESPECTIVE POLICIES THEY ISSUED TO TRI STATE**


19.    Pursuant to the terms and conditions of the Trade Contract

between Northstar and Tri State and the provisions contained

in the Axis Primary Policy, Starr Excess Policy, and

Navigators Excess Policy, the Additional Insureds qualify as

an additional insured under said policies and, therefore, are

entitled to defense and indemnity on a primary and

noncontributory basis for all claims asserted against and

liabilities faced by the Additional Insureds in the Underlying Action.

20.    All terms and conditions for additional insured coverage in favor of the Additional Insureds under the Axis Primary Policy have been properly satisfied and/or waived, and no exclusions apply.

**COUNT ONE**
**CAUSE OF ACTION FOR DECLARATORY RELIEF REGARDING AXIS'S DUTY TO DEFEND THE ADDITIONAL INSUREDS**

21.    LMFIC repeats and incorporates each and every allegation set forth in paragraphs 1 through 20 of the Complaint as if same were set forth herein at length.

22.    Pursuant to the terms and conditions of the Axis Primary Policy, the Additional Insureds qualify as additional insureds with respect to the claims asserted against and liabilities faced by the Additional Insureds in the Underlying Action.

23.    Based on the allegations set forth in the pleadings in the Underlying Action, there is a reasonable possibility that acts or omissions by Tri State or those acting on its behalf caused in whole or in part the Additional Insured's liability. Therefore, Axis owes the Additional Insureds a primary and

noncontributory duty to defend the claims asserted against the Additional Insureds in the Underlying Action.

24.    The duty to defend owed to the Additional Insureds by Axis is primary and non-contributory to any other coverage available to the Additional Insureds with respect to the claims in the Underlying Action.

25.    The timely and proper tender to Axis on behalf of the Additional Insureds has not been responded to and, instead, has been disregarded.

26.    All terms and conditions for additional insured coverage under the Axis Primary Policy have been satisfied or waived, and no exclusions are applicable.

27.    Accordingly, LMFIC is entitled to a declaration that Axis is obligated to fully defend the Additional Insureds in the Underlying Action under the Axis Primary Policy without reservations, and that Axis's obligation to defend the Additional Insureds is primary to any other insurance available to the Additional Insureds.

<u>COUNT TWO</u>

<u>AXIS'S DUTY TO INDEMNIFY THE ADDITIONAL INSUREDS AS ADDITIONAL INSUREDS</u>

28.    LMFIC repeats and re-alleges the allegations set forth in paragraphs 1 through 27 of the Complaint as if same were set forth herein at length.

29.    Pursuant to the terms and conditions of the Axis Primary Policy, the Additional Insureds qualify as additional insureds on a primary and non-contributory basis.

30.    Based on the allegations and facts in the Underlying Action, Axis's duty to indemnify the Additional Insureds on a primary and non-contributory basis is triggered.

31.    All conditions precedent under the Axis Primary Policy have been fully satisfied and/or waived.

32.    The prior tender to Axis has not been responded to nor has Axis acknowledged its obligation to indemnify the Additional Insureds in the Underlying Action.

33.    Axis owes the Additional Insureds complete indemnity on a primary and non-contributory basis. Accordingly, the Court should enter a declaratory judgment requiring Axis to fully indemnify the Additional Insureds for the claims against it and liabilities it faces in the Underlying Action.

### COUNT THREE

### AXIS IS OBLIGATED TO REIMBURSE AND PAY ALL SUMS INCURRED TO DEFEND AND INDEMNIFY THE ADDITIONAL INSUREDS IN THE UNDERLYING ACTION

34.    LMFIC repeats and re-alleges the allegations set forth in
       paragraphs 1 through 33 of the Complaint as if same were set
       forth herein at length.

35.    Pursuant to the terms and conditions of the Axis Primary
       Policy, the Additional Insureds qualify as additional
       insureds on a primary and non-contributory basis under the
       Axis Primary Policy.

36.    Based on the facts and allegations in the Underlying
       Action, Axis's duty to defend the Additional Insureds on a
       primary and non-contributory basis was triggered as of the
       date of the initial tender.

37.    Axis has wrongfully failed or refused to provide a defense
       to the Additional Insureds under the Axis Primary Policy. As
       a result of said wrongful failure or refusal, LMFIC has been
       forced to incur and continue to incur expenses to defend the
       Additional Insureds in the Underlying Action. Accordingly,
       the Court should enter judgment in favor of LMFIC requiring
       Axis to forthwith reimburse LMFIC for all defense expenses
       incurred through the date of the judgment, together with
       lawful interest.

<u>COUNT FOUR</u>

<u>STARR'S OBLIGATIONS TO THE ADDITIONAL INSUREDS UNDER THE STARR
EXCESS POLICY</u>

- 23 -

38.   LMFIC repeats and re-alleges the allegations set forth in paragraphs 1 through 37 of the Complaint as if same were set forth herein at length.

39.   Pursuant to the terms and conditions of the Starr Excess Policy, the Additional Insureds qualify as additional insureds on a primary and non-contributory.

40.   Based on the allegations and facts in the Underlying Action, Starr's duty to afford additional insured coverage to the Additional Insureds under the Starr Excess Policy on a primary and non-contributory basis is triggered.

41.   All conditions precedent under the Starr Excess Policy have been satisfied and/or waived and no exclusions apply.

42.   Starr has failed and/or refused to acknowledge additional insured coverage for the Additional Insureds under the Starr Excess Policy for the claims asserted against and liabilities faced by the Additional Insureds in the Underlying Action.

43.   Upon proper exhaustion of the Starr Excess Policy, Starr owes complete defense and indemnity to the Additional Insureds on a primary and non-contributory basis for the claims asserted against and liabilities faced by the Additional Insureds in the Underlying Action.  Accordingly, the Court should enter a declaratory judgment requiring Starr

- 24 -

to fully defend and indemnify the Additional Insureds under the Starr Excess Policy for the claims asserted in the Underlying Action.

## COUNT FOUR
### NAVIGATORS' OBLIGATIONS TO THE ADDITIONAL INSUREDS UNDER THE NAVIGATORS EXCESS POLICY

44.     LMFIC repeats and re-alleges the allegations set forth in paragraphs 1 through 43 of the Complaint as if same were set forth herein at length.

45.     Pursuant to the terms and conditions of the Navigators Excess Policy, the Additional Insureds qualify as additional insureds on a primary and non-contributory.

46.     Based on the allegations and facts in the Underlying Action, Navigators' duty to afford additional insured coverage to the Additional Insureds under the Navigators Excess Policy on a primary and non-contributory basis is triggered.

47.     All conditions precedent under the Navigators Excess Policy have been satisfied and/or waived and no exclusions apply.

48.     Navigators has failed and/or refused to acknowledge additional insured coverage for the Additional Insureds under the Navigators Excess Policy for the claims asserted against

and liabilities faced by the Additional Insureds in the Underlying Action.

49.    Upon proper exhaustion of the Navigators Excess Policy, Navigators owes complete defense and indemnity to the Additional Insureds on a primary and non-contributory basis for the claims asserted against and liabilities faced by the Additional Insureds in the Underlying Action.  Accordingly, the Court should enter a declaratory judgment requiring Navigators to fully defend and indemnify the Additional Insureds under the Navigators Excess Policy for the claims asserted in the Underlying Action.

### PRAYER FOR DECLARATORY RELIEF

WHEREFORE, LMFIC respectfully requests that this Court issue judgment as follows:

1. Declaring that the Axis Primary Policy was in full force and effect on the date of the injury alleged by Mr. Arias in the Underlying Action;

2. Declaring that all terms and conditions of the Axis Primary Policy have been met or waived;

3. Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded to the Additional Insureds under the Axis Primary Policy;

- 26 -

4. Declaring that Axis owes a duty to fully defend the Additional Insureds in connection with all claims against and liabilities faced by the Additional Insureds in the Underlying Action without a reservation of rights;

5. Declaring that Axis owes a duty to indemnify the Additional Insureds in connection with all claims against and liabilities faced by the Additional Insureds in the Underlying Action without a reservation of rights;

6. Declaring that Axis's coverage obligations to the Additional Insureds with respect to the Underlying Action are primary and non-contributory to any other insureds available to the Additional Insureds;

7. Awarding judgment against Axis in an amount equal to the sums that LMFIC incurred and continues to incur in defending the claims against the Additional Insureds in the Underlying Action, together with lawful interest;

8. Declaring that the Starr Excess Policy was in full force and effect on the date of the injury alleged by Mr. Arias in the Underlying Action;

9. Declaring that all terms and conditions of the Starr Excess Policy have been met or waived;

10.     Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded to the Additional Insureds under the Starr Excess Policy;

11.     Declaring that Starr owes a duty to defend and indemnify the Additional Insureds under the Starr Excess Policy without a reservation of rights;

12.     Declaring that Starr's coverage obligations under the Starr Excess Policy to the Additional Insureds with respect to the Underlying Action are primary and non-contributory to any other insurance available to the Additional Insureds;

13.     Declaring that the Starr Excess Policy was in full force and effect on the date of the injury alleged by Mr. Arias in the Underlying Action;

14.     Declaring that all terms and conditions of the Navigators Excess Policy have been met or waived;

15.     Declaring that the Underlying Action and the alleged accident upon which it is based fall within the coverage afforded to the Additional Insureds under the Navigators Excess Policy;

16.    Declaring that Navigators owes a duty to defend and indemnify the Additional Insureds under the Navigators Excess Policy without a reservation of rights;

17.    Declaring that Navigators' coverage obligations under the Navigators Excess Policy to the Additional Insureds with respect to the Underlying Action are primary and non-contributory to any other insurance available to the Additional Insureds;

18.    Granting an award in favor of LMFIC for the fees and costs of suit incurred herein; and

19.    Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 7, 2025

> HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
> Attorneys for Plaintiff, Liberty Mutual
> Fire Insurance Company
> 110 William Street, 24th Floor
> New York, New York 10038
> (212) 571-0111
>
> By: _____
>      John S. Favate, Esq.

- 29 -